**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No.  10-cr-00164-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  RICHARD SANTIAGO, and
2.  SILVESTRE MAYORQUI RIVERA,

      Defendants.

---

**ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**
**(18 U.S.C. § 3161(h)(1)(H))**

---

**Blackburn, J.**

The matter is before me *sua sponte* to consider the exclusion of time under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74 ( the Act). Based on the analysis below, I exclude the time from the hearing on September 26, 2011, to the date of the status conference now set for November 2, 2011, a period of 37 days, from the computation of time for a speedy trial under the Act.

On September 26, 2011, I held a hearing on the issues raised by and inherent to the respective motions to sever [#349 and #350]. At the conclusion of the hearing, I took the matters under advisement and continued the hearing and the case as agreed to November 2. 2011, at which time I will announce my ruling on the motions to sever and conduct a status conference.

At the conclusion of the hearing on September 26, 2011, I also discussed with counsel the propriety of excluding the time between the hearing and the status conference under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74 (the Act).

Counsel agreed and requested that the time be excluded. Accordingly, I entered preliminary and provisional findings in support of such exclusion.

In these circumstances, I find and conclude that the delay between the hearing on September 26, 2011, and the related status conference on November 2, 2011, is properly excludable under 18 U.S.C. § 3161(h)(1)(H) and (7)(A). Thus, this period should be excluded under the Act.

At least the first thirty days of this period is excludable under § 3161(h)(1)(H), which sanctions exclusions resulting from a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." As announced in open court, I continued the proceedings to facilitate consideration and finalization of my rulings on the defendants' respective motions to sever. Thus, the first thirty days should be excluded under § 3161(h)(1)(H)

The remaining period of seven days, or in the alternative, the entire period of 37 days is properly excluded under § 3161(7)(A). Having considered carefully the factors at § 3161(7)(B)(i) - (iv), I find and conclude as follows. The failure to exclude this time would shorten the time for a speedy trial; thus, depriving counsel for the defendants of the time reasonably necessary for pretrial and trial preparation with the concomitant risk of a miscarriage of justice. Section 3161(7)(B)(i). Additionally, the failure to exclude this time in this complex capital case would make it unreasonable to expect adequate preparation for pretrial and trial proceedings in the time otherwise allocated for a speedy trial under the Act. Section 3161(7)(B)(ii). Thus, I conclude ultimately that the ends of justice by excluding this period outweigh the best interests of the public and the

defendants in a speedy trial. Section 3161(7)(A).

**THEREFORE, IT IS ORDERED** that the time from the hearing on September 26, 2011, to the date of the status conference now set for November 2, 2011, a period of 37 days, **SHALL BE EXCLUDED** under 18 U.S.C. § 3161(h)(1)(H) and (7)(A) from the time for a speedy trial under the Speedy Trial Act of 1974.[1]

Dated September 27, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[1] The exclusion of this period in no way affects the exclusion of some or all of this same time or additional time under other provisions of the Act, *e.g.*, § 3161(h)(1)D) (delay resulting from other pending pretrial motions.)