**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 10-CR-00164-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.**    **RICHARD SANTIAGO,**
2.    SILVESTRE MAYORQUI RIVERA,

        Defendants.

---

### DEFENDANT RICHARD SANTIAGO'S MOTION TO SUPPRESS EVIDENCE

---

Defendant Richard Santiago, by and through counsel, Ellen M. Barry and Jeffrey S. Pagliuca, and pursuant to the Fourth Amendment to the U.S. Constitution, hereby moves this Court to suppress any and all evidence collected from Mr. Santiago or from his cell at United States Administrative Maximum ("ADX") prison facility in Florence, Colorado.  In support of this Motion, Mr. Santiago states as follows:

    1.    Preliminarily, Mr. Santiago acknowledges that the U.S. Supreme Court has held that an inmate has no legitimate expectation of privacy in a prison cell. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).  Regarding the search of his prison cell, Mr. Santiago files this Motion to preserve the issue should the Supreme Court decide otherwise in a context similar to that presented here.

    2.    Mr. Santiago is before the Court having been charged by superseding indictment with two counts of murder for the death of Manuel Torrez. [#267.]  The government has given notice that it intends to seek the death penalty against Mr.

Santiago.  [#291.]  The government alleges that on April 21, 2005, Mr. Santiago and his co-defendant, Sivestre Mayorqui Rivera, beat and killed Manuel Torrez at ADX.

3.      On April 21, 2005, corrections officers at ADX entered and searched Mr. Santiago's cell and retrieved several items of evidence, including a pair of shoes and clothing.  Officers retrieved these items only because they had earlier ordered Mr. Santiago to remove all of his clothing.

4.      Officers also inspected and photographed Mr. Santiago's person while he was seized by law enforcement officers at ADX.  Officers forced Mr. Santiago to display parts of his body, such as parts of his hands, that were not readily apparent to someone merely observing Mr. Santiago.

5.      The Fourth Amendment of the United States Constitution guarantees the right of people to be secure in their persons and protects them against unreasonable searches and seizures by the police. U.S. Const. Amend IV.  Warrantless seizures and searches are presumptively unreasonable.  *Katz v. United States*, 389 U.S. 347, 357 (1967).  There are very few exceptions to this time-honored rule. *Id.*  Because officers acted here without a warrant, unless the government can show that the evidence was obtained pursuant to one of the exceptions to the Fourth Amendment's warrant requirement, all such information must be excluded at trial.  *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971).  Any evidence gained as the result of an unlawful seizure must be suppressed as the fruit of the poisonous tree.  *Wong Sun v. United States*, 371 U.S. 471 (1963).

6.      The Fourth Amendment requires a warrantless arrest or search to be supported in the first instance by probable cause. "Probable cause exists if facts and

circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the an arrestee has committed or is committing an offense." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). Although "[p]robable cause does not require facts sufficient for a finding of guilt . . ., it does require more than mere suspicion." *United States v. Morris*, 247 F.3d 1080, 1088 (10th Cir.2001) (internal quotation marks omitted).

7.      For a warrantless intrusion into an individual's dwelling, probable cause alone is not sufficient. Such an intrusion additionally requires the existence of exigent circumstances. Such circumstances may include "hot pursuit of a fleeing felon, or imminent destruction of evidence, or the need to prevent a suspect's escape, or the risk of danger to the police or to other persons inside or outside the dwelling." *Minnesota v. Olson*, 495 U.S. 91, 100 (1990). Mr. Santiago's cell at ADX was his dwelling. None of the recognized exigencies applies here.

8.      At the time that officers searched Mr. Santiago's cell, they did not yet have sufficient information to have probable cause that Mr. Santiago was involved in an assault on Mr. Torrez. Further, there was no exigency justifying the warrantless search. Accordingly, any evidence obtained should be suppressed.

9.      Although the Supreme Court has held that an inmate has no legitimate privacy interest in his cell, that holding did not go so far as to eviscerate an inmate's privacy interest in his own body. *See Bell v. Wolfish*, 441 U.S. 520, 558 (1979) (assuming that prison inmates retain Fourth Amendment rights in their persons); *Dunn v. White*, 880 F.2d 1188, 1191 (10th Cir. 1989) ("Although the Supreme Court has thus

foreclosed any fourth amendment challenge to the search of a prison cell, this court has recognized a qualitative difference between property searches and searches of a prisoner's person.").

10.     Mr. Santiago had been led to his cell in handcuffs where he was then ordered to remove all of his clothing.  An officer then noticed that Mr. Santiago's socks appeared to be pink in color, leading the officer to believe that Mr. Santiago had blood on his socks.  As a result of this discovery—which followed the ordered stripping of Mr. Santiago— officers later retrieved Mr. Santiago's shoes and other clothing.  This invasion of Mr. Santiago's personal privacy was not reasonable under the circumstances.  Thus, any observations made as the result of the unreasonable stripping and any evidence recovered as a result must be suppressed.

11.     Mr. Santiago was later placed in handcuffs and forced to display his hands and other body parts for inspection and photographing.  This invasion of Mr. Santiago's personal privacy was not reasonable under the circumstances.  As a result, any photographs or other evidence gained from these inspections, as well as any testimony about such inspections, should be suppressed.

12.     Mr. Santiago respectfully requests a hearing on this Motion.

WHEREFORE, for the aforementioned reasons and for any reasons that may appear at a hearing on this Motion, Mr. Santiago respectfully requests that the Court grant this motion and suppress the evidence obtained from Mr. Santiago's cell or person.

Respectfully submitted this 24th day of September 2012.

s/ Ellen M. Barry
Ellen M. Barry
ELLEN M. BARRY, ATTORNEY AT LAW
530 South Hewitt Street, #555
Los Angeles, CA 90013
Telephone:  213-621-1662
Fax: 213-621-1644
Ellen@ellenbarrylaw.com


s/ Jeffrey Pagliuca
Jeffrey S. Pagliuca
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Telephone: 303-831-7364
Facsimile: 303-832-2628
jpagliuca@hmflaw.com


*Counsel for Defendant Richard Santiago*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September 2012, I electronically filed the

foregoing **DEFENDANT RICHARD SANTIAGO'S MOTION TO SUPPRESS**

**EVIDENCE** with the Clerk of the Court using the CM/ECF system, which will send

notification to all counsel of record, including the following:


AUSA Mary Jo Menendez
m.j.menendez@usdoj.gov

AUSA Valeria Neale Spencer
Valeria.Spencer@usdoj.gov

Jeffrey Bradford Kahan
jeffrey.kahan@usdoj.gov

ATTORNEYS FOR THE GOVERNMENT

David Lane
dlane@kln-law.com

Patrick Burke
Patrick-j-burke@msn.com

Kathryn J. Stimson
kathryn@stimsondefense.com

ATTORNEYS FOR SILVESTRE MAYORQUI RIVERA


_s/ Angela Duran_____ _____