# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 10-cr-00164-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RICHARD SANTIAGO,
    a/k/a Chuco,

    Defendant.

## FOURTH TRIAL PREPARATION CONFERENCE ORDER

**Blackburn, J.**

    Pursuant to **Fed. R. Crim. P. 17.1,** and **D.C.COLO.LCrR 17.1.1** and **53.1**, the court enters this **Fourth Trial Preparation Conference Order**.

    **IT IS ORDERED** as follows:

    1. That given the age of this case and the extended opportunity that the parties have had to conduct discovery and file non-CJA pretrial motions, additional non-CJA motions, regardless of how denominated, shall not be filed without leave of court; regardless of how denominated, amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court; regardless of how denominated, supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court; and regardless of how denominated, replies to responses shall not be filed without leave of court[1];

    2. That trial by jury shall commence **October 17, 2016**, at 8:30 a.m. (MDT), in

---

[1] Leave of court must be obtained before any paper addressed in this paragraph may be filed. A request for leave to file such a paper shall not be contained or included in the paper sought to be filed.

courtroom A1001, at which the defendant shall appear in person without further notice, order, or subpoena; provided, further, that the Unites States Marshal for the District of Colorado and/or the Bureau of Prisons shall assist the court in securing the appearance of the defendant throughout the trial

    3. That unless ordered otherwise, the court reserves approximately thirty-four (34) days for trial[2]:

- Monday, October 17, 2016, through Friday, October 21, 2016;
- Monday, October 24, 2016, through Friday, October 28, 2016;
- Monday, October 31, 2016, through Friday, November 4, 2016;
- Monday, November 7, 2016, through Thursday, November 10, 2016;
- Monday, November 14, 2016, through Friday, November 18, 2016;
- Monday, November 28, 2016, through Friday, December 2, 2016; and
- Monday, December 12, 2016, through Friday, December 16, 2016[3];

    4. That counsel for the government and the defendant shall appear in courtroom A1001 on the first day of trial at 8:00 a.m. (MDT), to review and discuss with the courtroom deputy clerk and the court, if necessary, any final details, arrangements, or requirements concerning the trial;

    5. That a **Trial Preparation Conference** shall commence on **Friday, October 14, 2016**, at 2:00 p.m. (MDT), in courtroom A1001 at which counsel for the government and the defendant shall appear without further notice or order; provided, further, that the Unites States Marshal for the District of Colorado and/or the Bureau of Prisons shall assist the court in securing the appearance of the defendant;

---

[2] Initially, the court will use a five-day trial week, reserving, however, the discretion to adjust the trial schedule as may be necessary during the trial.

[3] The court will be unavailable the week of December 5 - 9, 2016, to manage its docket in Durango, Colorado.

6. That at the outset of the Trial Preparation conference, each party shall submit on the Witness List form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the witnesses listed will be present and available to testify during trial;

7. That at the Trial Preparation Conference the parties shall be prepared to review and discuss, *inter alia*, the following:

    a. stipulated and proposed jury instructions and verdict forms;

    b. *voir dire* questions;

    c. the jury selection process, including alternate jurors and peremptory challenges:

        1. The use of the one or more alternate jurors [Review Fed. R. Crim. P. 24(c)];

        2. Pretrial designation of the alternate juror(s);

        3. The number and allocation of peremptory challenges [Review Fed. R. Crim. P. 24(b) and (c)(4)]; and

        4. Retention or dismissal of alternate juror(s) [Review Fed. R. Crim. P. 24(c)(3)];

    d. the use of juror questionnaires (the parties shall surrender their copies for destruction immediately subsequent to completion of jury selection);

    e. identification of all persons permitted to be seated at each party's table;

    f. the pronunciation of problematic party's and witness' names;

g. the names or monikers that may be used when referring to the defendant or a witness;

h. identification of "will call" and "may call" witnesses;

i. use of deposition testimony:

1. designation of specific testimony by page and line; and

2. identification of the person selected to read deposition answers;

j. use of video depositions:

1. resolution of objections;

2. pretrial redaction, if necessary; and

3. arrangements for necessary equipment to broadcast the deposition;

k. the admission of stipulated exhibits or exhibits about which there are no objections;

l. the allocation of trial time between the parties;

m. the necessity for cautionary or limiting instructions;

n. timing of publication, if any, of trial exhibits to the jury;

o. appropriate attire and clothing for defendant;

p. security precautions, requirements, or issues;

r.  training on the use of courtroom technology;

s.  transporting and bringing equipment, models, props, or other property into the courthouse and courtroom for use during trial[4]; and

---

[4] The court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties.  A listing of available equipment can be found on the District Court's website at http://www.cod.uscourts.gov/AttorneyInformation/GeneralAttorneyInformation.aspx under "Courtroom Technology Manual for Attorneys."  Arrangements for training on courtroom technology must be made with the courtroom deputy clerk, **Kathleen Finney, at (303)335-2099**, at least 14 days before trial.  Notify the courtroom deputy clerk no later than **fourteen (14) days** before the date and time you need such equipment or need your own equipment to be brought through security for use in the

    t. courtroom etiquette and protocol;

 8. That voir dire examination shall be conducted by the court; provided, further, that notwithstanding REB Cr. Practice Standard V.A.3., the government and the defendant shall file by October 11, 2016, the questions each asks be propounded by the court to the prospective venire;

 9. That unless ordered otherwise, the jurors shall not be sequestered before deliberations;

 10. That trial witnesses subject to sequestration under Fed. R. Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

 11. That unless ordered otherwise, opening statements shall be limited to **forty-five (45)** minutes per party;

 12. That the court will not engage in the examination of any witness, except to eschew plain error;

 13. That pursuant to REB Cr. Practice Standard III.B.4.b., immediately before commencement of trial, the parties shall submit to the courtroom deputy clerk the exhibits identified in their respective exhibit lists (a set of original exhibits for use by the witnesses and copies for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party);

 14. That objections made in the presence or hearing of the jury shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, neither party shall speechify an objection in the presence or hearing of the jury [Review Fed. R. Evid. 103(d) and 104(c)];

 15. That unless interrupted or otherwise ordered by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed:

---

courtroom.

objection, response, reply, ruling;

16. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk in writing before the conclusion of a trial day specifying any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day specifying any issue which should be considered at the conclusion of that trial day;

17. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms consistent with REB Cr. Practice Standard V.A.5, the government shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. G-1, G-2, G-3, etc., and the defendant shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. D-1, D-2, D-3, etc.; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

18. That unless ordered otherwise, closing argument shall be limited to **sixty (60)** minutes total for each party;

19. That for additional information about courtroom protocol, courtroom technology and training, trial preparation, transport or items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Kathleen Finney, at (303)335-2099**, should be contacted; and

20. That this order supplants and supersedes the **First Trial Preparation Conference Order** [#24] entered April 26, 2010, the **Second Trial Preparation Conference Order** [#789] entered September 23, 2013, and the **Third Trial Preparation Conference Order** [#952] entered November 3, 2014.

Dated April 14, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge